FILED
CLERK, U.S. DISTRICT COURT

5/22/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Chief, National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4491
     Facsimile: (213) 894-2979
     E-mail:   david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-CR-00400-AB |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BRIAN K. WILLIAMS |
| v. | |
| BRIAN K. WILLIAMS, | |
| Defendant. | |

1.    This constitutes the plea agreement between Brian Williams ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of bomb threats made against Los Angeles City Hall.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

     a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the

form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Threats Regarding Fire and Explosives, in violation of 18 U.S.C. § 844(e).

   b.   Not contest facts agreed to in this agreement.

   c.   Abide by all agreements regarding sentencing contained in this agreement.

   d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

   h.   Defendant understands that the government obtained additional material in this investigation that defendant has not been shown.  In exchange for the government's obligations under this agreement, defendant gives up any right he may have had to review the additional material, regardless of whether it is arguably exculpatory or inculpatory, and further agrees to waive any argument that the withholding of this material caused defendant's guilty plea to be not knowing or involuntary.  The government agrees not to use at sentencing any of the withheld material without providing it to defendant.

1

<u>THE USAO'S OBLIGATIONS</u>

2    3.    The USAO agrees to:

3        a.    Not contest facts agreed to in this agreement.

4        b.    Abide by all agreements regarding sentencing contained

5    in this agreement.

6        c.    At the time of sentencing, provided that defendant

7    demonstrates an acceptance of responsibility for the offense up to

8    and including the time of sentencing, recommend a two-level reduction

9    in the applicable Sentencing Guidelines offense level, pursuant to

10   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

11   additional one-level reduction if available under that section.

12       d.    Recommend that defendant be sentenced to a term of

13   imprisonment no higher than the low end of the applicable Sentencing

14   Guidelines range, provided that the offense level used by the Court

15   to determine that range is 6 or higher.  For purposes of this

16   agreement, the low end of the Sentencing Guidelines range is that

17   defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A,

18   without regard to reductions in the term of imprisonment that may be

19   permissible through the substitution of community confinement or home

20   detention as a result of the offense level falling within Zone B or

21   Zone C of the Sentencing Table.

22

<u>NATURE OF THE OFFENSE</u>

23   4.    Defendant understands that for defendant to be guilty of

24   the crime charged in the Information, that is, Conveying a Threat in

25   Interstate Commerce, in violation of Title 18, United States Code,

26   Section 844(e), the following must be true: (1) defendant made a

27   threat to unlawfully damage or destroy a building by means of fire or

28   an explosive; (2) defendant used an instrument of commerce, such as a

telephone, to communicate the threat; and (3) defendant acted
knowingly and willfully.

PENALTIES

5.    Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 844(e), is: 10 years imprisonment; a three-year period
of supervised release; a fine of $250,000 or twice the gross gain or
gross loss resulting from the offense, whichever is greatest; and a
mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release, which could
result in defendant serving a total term of imprisonment greater than
the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury. Defendant
understands that he is pleading guilty to a felony and that it is a
federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a

4

professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On October 3, 2024, defendant was serving as the Deputy Mayor of Public Safety for the City of Los Angeles.  That morning, defendant was at Los Angeles City Hall participating in a virtual meeting with multiple individuals in connection with his official duties.  During the meeting, defendant used the Google Voice application on his

1    personal cell phone to place a call to his city-issued cell phone.

2    Defendant then left the virtual meeting and placed a call to the

3    Chief of Staff of the Los Angeles Police Department and falsely

4    stated that he had just received a call on his city-issued cell phone

5    from an unknown male caller who had made a bomb threat against Los

6    Angeles City Hall.  In fact, defendant had received no such call.

7    Instead, defendant himself knowingly and willfully made that threat,

8    which defendant admits was a threat to unlawfully damage or destroy a

9    building by means of fire or an explosive.  At no time did defendant

10   intend to carry out the threat.

11        Approximately 10 minutes later, defendant sent a text message to

12   the Mayor of the City of Los Angeles and several high-ranking

13   officials in the Mayor's office and falsely reported: "Bomb threat: I

14   received phone call on my city cell at 10:48 am this morning.  The

15   male caller stated that 'he was tired of the city support of Israel,

16   and he has decided to place a bomb in City Hall.  It might be in the

17   rotunda.'  I immediately contacted the chief of staff of LAPD, they

18   are going to send a number of officers over to do a search of the

19   building and to determine if anyone else received a threat."  In

20   fact, defendant had not received such a call.

21        Shortly thereafter, LAPD officers responded to City Hall to

22   investigate the threat that defendant had reported.  LAPD officers

23   searched the building and did not locate any suspicious packages or

24   devices.  Defendant described to the responding LAPD officers the

25   threatening phone call he claimed to have received, stating that the

26   male caller said, "I'm tired of the city support of Israel, I have

27   decided to place a bomb in City Hall.  It might be in the Rotunda."

28   Defendant showed the LAPD officers the record of an incoming call

1    that appeared as a blocked number on his city-issued cell phone and

2    said that was the unknown male caller who had conveyed the threat.

3    In fact, that incoming call record was the record of the call that

4    defendant had placed himself from the Google Voice application on his

5    personal cell phone.

6        Defendant then sent additional text messages to the Mayor of the

7    City of Los Angeles and several high-ranking officials in the Mayor's

8    office stating, "At this time, there is no need for us to evacuate

9    the building, I'm meeting with the threat management officers within

10   the next 10 minutes.  In light of the Jewish holidays, we are taking

11   this thread, a little more seriously.  I will keep you posted."

12                              SENTENCING FACTORS

13       10.  Defendant understands that in determining defendant's

14   sentence the Court is required to calculate the applicable Sentencing

15   Guidelines range and to consider that range, possible departures

16   under the Sentencing Guidelines, and the other sentencing factors set

17   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

18   Sentencing Guidelines are advisory only, that defendant cannot have

19   any expectation of receiving a sentence within the calculated

20   Sentencing Guidelines range, and that after considering the

21   Sentencing Guidelines and the other § 3553(a) factors, the Court will

22   be free to exercise its discretion to impose any sentence it finds

23   appropriate up to the maximum set by statute for the crime of

24   conviction.

25       11.  Defendant and the USAO agree to the following applicable

26   Sentencing Guidelines factors:

27    Base Offense Level:              12              U.S.S.G. § 2A6.1

28

```
    Specific Offense
    Characteristics:

        Single Instance Without       -4           U.S.S.G. § 2A6.1(b)(6)
        Deliberation

    Acceptance of Responsibility:     -2                U.S.S.G. § 3E1.1(a)

    Total Offense Level:               6
```

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 2 are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below. Subject to paragraph 22 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

    12.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

1 | Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
2 | (a)(2), (a)(3), (a)(6), and (a)(7).

3 | <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

4 | 13. Defendant understands that by pleading guilty, defendant
5 | gives up the following rights:

6 | a. The right to persist in a plea of not guilty.

7 | b. The right to a speedy and public trial by jury.

8 | c. The right to be represented by counsel -- and if
9 | necessary have the Court appoint counsel -- at trial. Defendant
10 | understands, however, that, defendant retains the right to be
11 | represented by counsel -- and if necessary have the Court appoint
12 | counsel -- at every other stage of the proceeding.

13 | d. The right to be presumed innocent and to have the
14 | burden of proof placed on the government to prove defendant guilty
15 | beyond a reasonable doubt.

16 | e. The right to confront and cross-examine witnesses
17 | against defendant.

18 | f. The right to testify and to present evidence in
19 | opposition to the charges, including the right to compel the
20 | attendance of witnesses to testify.

21 | g. The right not to be compelled to testify, and, if
22 | defendant chose not to testify or present evidence, to have that
23 | choice not be used against defendant.

24 | h. Any and all rights to pursue any affirmative defenses,
25 | Fourth Amendment or Fifth Amendment claims, and other pretrial
26 | motions that have been filed or could be filed.

27
28

1

<u>WAIVER OF APPEAL OF CONVICTION</u>

2      14.  Defendant understands that, with the exception of an appeal

3  based on a claim that defendant's guilty plea was involuntary, by

4  pleading guilty defendant is waiving and giving up any right to

5  appeal defendant's conviction on the offense to which defendant is

6  pleading guilty.  Defendant understands that this waiver includes,

7  but is not limited to, arguments that the statute to which defendant

8  is pleading guilty is unconstitutional, and any and all claims that

9  the statement of facts provided herein is insufficient to support

10 defendant's plea of guilty.

11

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

12     15.  Defendant agrees that, provided the Court imposes a term of

13 imprisonment within or below the range corresponding to an offense

14 level of 6 and the criminal history category calculated by the Court,

15 defendant gives up the right to appeal all of the following: (a) the

16 procedures and calculations used to determine and impose any portion

17 of the sentence; (b) the term of imprisonment imposed by the Court;

18 (c) the fine imposed by the Court, provided it is within the

19 statutory maximum; (d) to the extent permitted by law, the

20 constitutionality or legality of defendant's sentence, provided it is

21 within the statutory maximum; (e) the term of probation or supervised

22 release imposed by the Court, provided it is within the statutory

23 maximum; and (f) any of the following conditions of probation or

24 supervised release imposed by the Court: the conditions set forth in

25 Second Amended General Order 20-04 of this Court; the drug testing

26 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

27 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

28 The USAO agrees that, provided (a) all portions of the sentence are

at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 6 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

16. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

17. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

18. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

11

1

<u>BREACH OF AGREEMENT</u>

2      19.   Defendant agrees that if defendant, at any time after the

3   signature of this agreement and execution of all required

4   certifications by defendant, defendant's counsel, and an Assistant

5   United States Attorney, knowingly violates or fails to perform any of

6   defendant's obligations under this agreement ("a breach"), the USAO

7   may declare this agreement breached.  All of defendant's obligations

8   are material, a single breach of this agreement is sufficient for the

9   USAO to declare a breach, and defendant shall not be deemed to have

10  cured a breach without the express agreement of the USAO in writing.

11  If the USAO declares this agreement breached, and the Court finds

12  such a breach to have occurred, then: (a) if defendant has previously

13  entered a guilty plea pursuant to this agreement, defendant will not

14  be able to withdraw the guilty plea, and (b) the USAO will be

15  relieved of all its obligations under this agreement.

16     20.   Following the Court's finding of a knowing breach of this

17  agreement by defendant, should the USAO choose to pursue any charge

18  that was either dismissed or not filed as a result of this agreement,

19  then:

20          a.   Defendant agrees that any applicable statute of

21  limitations is tolled between the date of defendant's signing of this

22  agreement and the filing commencing any such action.

23          b.   Defendant waives and gives up all defenses based on

24  the statute of limitations, any claim of pre-indictment delay, or any

25  speedy trial claim with respect to any such action, except to the

26  extent that such defenses existed as of the date of defendant's

27  signing this agreement.

28

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

21.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

22.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

23. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

24. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

25. The parties agree that this agreement will be considered

//

//

1  part of the record of defendant's guilty plea hearing as if the

2  entire agreement had been read into the record of the proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
5  CALIFORNIA

6  BILAL A. ESSAYLI
   United States Attorney

7

8  _____          5/21/2025
   DAVID T. RYAN                             _____
9  Assistant United States Attorney          Date

10

11 _____          _____
   BRIAN K. WILLIAMS                         Date
12 Defendant

13

14 _____          5/21/25
   ALAN EISNER                               _____
15 DMITRY GORIN                              Date
   Attorney for Defendant
16 BRIAN K. WILLIAMS

17

18

19

20

21

22

23

24

25

26

27

28

                                15

1

### CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety.  I have had enough
3  time to review and consider this agreement, and I have carefully and
4  thoroughly discussed every part of it with my attorney.  I understand
5  the terms of this agreement, and I voluntarily agree to those terms.
6  I have discussed the evidence with my attorney, and my attorney has
7  advised me of my rights, of possible pretrial motions that might be
8  filed, of possible defenses that might be asserted either prior to or
9  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
10 of relevant Sentencing Guidelines provisions, and of the consequences
11 of entering into this agreement.  No promises, inducements, or
12 representations of any kind have been made to me other than those
13 contained in this agreement.  No one has threatened or forced me in
14 any way to enter into this agreement.  I am satisfied with the
15 representation of my attorney in this matter, and I am pleading
16 guilty because I am guilty of the charge and wish to take advantage
17 of the promises set forth in this agreement, and not for any other
18 reason.

19

20 BRIAN K. WILLIAMS                    Date  5/20/25
   Defendant

21

22

23

24

25

26

27

28

16

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Brian K. Williams's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Alan Eisner_                                    5/21/25

ALAN EISNER                            Date
DMITRY GORIN
Attorneys for Defendant
BRIAN K. WILLIAMS

# Exhibit A

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

9   UNITED STATES OF AMERICA,          CR No.

10              Plaintiff,             I N F O R M A T I O N

11              v.                     [18 U.S.C. § 844(e): Threats
                                       Regarding Fire and Explosives]
12   BRIAN K. WILLIAMS,

13              Defendant.

14

15

16        The United States Attorney charges:

17                       [18 U.S.C. § 844(e)]

18        On or about October 3, 2024, in Los Angeles County, within the

19   Central District of California, defendant BRIAN K. WILLIAMS, through

20   the use of a telephone and instrument of interstate and foreign

21   commerce, willfully made a threat concerning an attempt and alleged

22   attempt being made, and to be made, to unlawfully damage and destroy

23   a building and other real property, by means of an explosive.

24   //

25   //

26

27

28

1  Specifically, defendant WILLIAMS used a telephone to call the Los

2  Angeles Police Department and stated that a bomb had been placed

3  inside of Los Angeles City Hall.

4

5                                    BILAL A. ESSAYLI
                                     United States Attorney
6

7

8                                    DAVID T. RYAN
                                     Assistant United States Attorney
9                                    Chief, Nation Security Division

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28