BILAL A. ESSAYLI
Acting United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
National Security Division
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-4491
    Facsimile:   (213) 894-2979
    E-mail:  david.ryan@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-400-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT BRIAN K. WILLIAMS |
| v. | |
| BRIAN K. WILLIAMS, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney David T. Ryan, hereby files its sentencing position for defendant Brian K. Williams ("defendant").

//
//
//
//

1

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 1, 2025           Respectfully submitted,

                                 BILAL A. ESSAYLI
                                 Acting United States Attorney

                                 IAN V. YANNIELLO
                                 Assistant United States Attorney
                                 Chief, National Security Division

                                 */s/ David T. Ryan*
                                 _____
                                 DAVID T. RYAN
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Last October, while serving as the Deputy Mayor of Public Safety for the City of Los Angeles, defendant Brian K. Williams called in a fake bomb threat to Los Angeles City Hall. Defendant called in the threat while at work at City Hall, after he became overwhelmed with stress and anxiety and desperate to get out of an ongoing meeting. He falsely reported to a senior leader at the LAPD and to the Mayor and senior officials in the Mayor's office that an unknown man had called and said he had placed a bomb in City Hall. LAPD sent officers to search City Hall in response to defendant's fake threat. The officers found nothing. For his conduct, defendant pleaded guilty to threatening to damage or destroy a building by means of fire or explosive, in violation of Title 18, United States Code, Section 844(e).

The government agrees with the United States Probation and Pretrial Services ("Probation") that the Guidelines Offense Level is 4, the Criminal History Category is I, and the resulting Guidelines sentencing range is 0-6 months imprisonment. (Presentence Report ("PSR") at 3.) The government further agrees with Probation that, if probation is imposed, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. (Id. ¶ 94.)

For the reasons set forth below, and consistent with its obligations in the plea agreement, the government recommends that the Court impose a sentence of two years' probation, with a condition that defendant participate in 100 hours of community service, and a fine of $5,000.

## II. BACKGROUND

Defendant admitted to the following facts in the plea agreement filed in this case. (Dkt. 6 ¶ 9.) On October 3, 2024, defendant was serving as the Deputy Mayor of Public Safety for the City of Los Angeles. That morning, defendant was at Los Angeles City Hall participating in a virtual meeting with multiple individuals in connection with his official duties. During the meeting, defendant used the Google Voice application on his personal cell phone to place a call to his city-issued cell phone. Defendant then left the virtual meeting and placed a call to the Chief of Staff of the Los Angeles Police Department and falsely stated that he had just received a call on his city-issued cell phone from an unknown male caller who had made a bomb threat against Los Angeles City Hall. In fact, defendant had received no such call. Instead, defendant has now admitted that he himself knowingly and willfully made that threat, which was a threat to unlawfully damage or destroy a building by means of fire or an explosive. At no time did defendant intend to carry out the threat.

Approximately 10 minutes later, defendant sent a text message to the Mayor of the City of Los Angeles and several high-ranking officials in the Mayor's office and falsely reported: "Bomb threat: I received phone call on my city cell at 10:48 am this morning. The male caller stated that 'he was tired of the city support of Israel, and he has decided to place a bomb in City Hall. It might be in the rotunda.' I immediately contacted the chief of staff of LAPD, they are going to send a number of officers over to do a search of the building and to determine if anyone else received a threat." In fact, defendant had not received such a call.

2

Shortly thereafter, LAPD officers responded to City Hall to investigate the threat that defendant had reported.  LAPD officers searched the building and did not locate any suspicious packages or devices.  Defendant described to the responding LAPD officers the threatening phone call he claimed to have received, stating that the male caller said, "I'm tired of the city support of Israel, I have decided to place a bomb in City Hall.  It might be in the Rotunda." Defendant showed the LAPD officers the record of an incoming call that appeared as a blocked number on his city-issued cell phone and said that was the unknown male caller who had conveyed the threat. In fact, that incoming call record was the record of the call that defendant had placed himself from the Google Voice application on his personal cell phone.

Defendant then sent additional text messages to the Mayor of the City of Los Angeles and several high-ranking officials in the Mayor's office stating, "At this time, there is no need for us to evacuate the building, I'm meeting with the threat management officers within the next 10 minutes.  In light of the Jewish holidays, we are taking this thread, a little more seriously.  I will keep you posted."

As set forth in the PSR, when questioned by FBI Special Agents at his residence in December 2024, defendant initially denied that he had placed the purported threatening call himself, and he continued to deny it to the agents even after they informed him that call data records showed the call came from a Google Voice number assigned to him.  (PSR ¶ 15.)

In May 2025, defendant agreed to enter into a pre-indictment plea agreement in this case, and pleaded guilty pursuant to a plea

3

agreement to threatening to damage or destroy a building by means of fire or explosive, in violation of 18 U.S.C. § 844(e).

### III. PROBATION'S PRESENTENCE REPORT

The government agrees with Probation's Guideline calculation, including a base offense level of 12 under U.S.S.G. § 2A6.1(a)(1) and a four-level decrease because the offense involved a single instance evidencing little or no deliberation under U.S.S.G. § 2A6.1(b)(6).  (PSR ¶¶ 22-24.)  The government agrees that Probation correctly calculated defendant's criminal history category as I, resulting in a Guidelines range of 0 to 6 months' imprisonment.  (Id. at 3.)  The government also agrees that because the Guidelines range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required.  U.S.S.G. § 5C1.1(b).

### IV. A PROBATIONARY SENTENCE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACCOMPLISH THE GOALS OF 18 U.S.C. § 3553

A sentence of two years' probation, with a requirement that defendant complete 100 hours of community service and pay a $5,000 fine, is sufficient but not greater than necessary to account for the factors enumerated in 18 U.S.C. § 3553, including the nature and circumstances of the offense, defendant's history and characteristics, the need to promote respect for the law, the need to provide a just punishment for the offense, the need to afford adequate deterrence, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

Defendant's conduct was serious, and has properly resulted in his conviction of a felony offense.  He betrayed the trust placed in him as a public official who was responsible for working with law

4

enforcement to ensure public safety.  False threats like the one defendant placed undermine public safety both by diverting police resources and by creating a frightening and potentially dangerous environment in which police respond to a purported emergency in a crowded building.  A serious consequence for such conduct is necessary to promote respect for the law, provide just punishment, and ensure adequate deterrence.

   Defendant's conviction of a felony in this case ensures that he will face a significant consequence for his actions.  A custodial sentence, however, is not necessary to accomplish the purposes of sentencing set for the in 18 U.S.C. § 3553(a).  As the Guidelines properly reflect, the offense involved a single threat that was executed with little or no deliberation.  It was motivated not by a political agenda or violent extremist ideology, but rather by defendant's acute personal stress and anxiety due to numerous factors detailed in defendant's sentencing position and supporting exhibits, and in the PSR.  Those unresolved mental health challenges led defendant to convey the fake threat as an excuse to get out of an ongoing meeting.  That decision was misguided and dangerous, but it was also an aberration.  Defendant has no prior criminal arrests or convictions.  On the contrary, until the day of this offense, he had spent many years serving the community with distinction.  Moreover, defendant has fully accepted responsibility for his conduct, demonstrated remorse, and committed himself to addressing the personal issues that led to the conduct at issue.  Finally, because a probationary sentence is within the applicable Guidelines range, such a sentence would not create an unwarranted sentencing disparity with similarly situated defendants.

For these reasons, in light of the aggravating and mitigating factors in this case, the government submits that a probationary sentence, with a required 100 hours of community service and a fine of $5,000, is sufficient but not greater than necessary to accomplish the purposes of sentencing under 18 U.S.C. § 3553(a).

**V.   CONCLUSION**

The government respectfully requests that this Court sentence defendant to a term of two years' probation, with a condition that he complete 100 hours of community service, as a fine of $5,000, and a $100 special assessment.